**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Dec 30 2014, 9:34 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**ANDREA L. CIOBANU**
**ALEX BEEMAN**
Ciobanu Law, P.C.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CYNTHIA L. PLOUGHE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JUSTIN KNIGHT, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 82A05-1406-CR-286 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE VANDERBURGH SUPERIOR COURT
The Honorable Jeffrey L. Biesterveld, Special Judge
Cause No. 82D05-1204-CM-1640

**December 30, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Justin Knight appeals his conviction for Battery,[1] a class A misdemeanor. Knight argues that the evidence presented against him at trial was incredibly dubious and that the trial court erred in excluding certain testimony from the victim. Finding no error, we affirm.

FACTS

Knight and Alaina Barnett have a daughter, M.K. On the morning of February 11, 2012, Knight, Alaina, M.K., and Alaina's mother, Janice, were together at Knight's home. When M.K. awoke, Janice went to get her from her bedroom. Janice brought M.K. out to Alaina, who put her on the floor of the living room. M.K. found a plastic toy pumpkin, which she picked up and began to carry towards Knight's bedroom where Knight lay in his bed. Alaina grabbed a diaper and some wipes and followed the child.

Once inside the bedroom, Alaina picked M.K. up and laid her on the bed next to Knight. At this moment, Knight sprung from the bed and kicked Alaina. Janice, who witnessed this from the living room, ran towards the bedroom. Just as she reached the entrance, Knight slammed the door in her face, hitting her in the nose. Janice pushed the door off her face, but upon entering the bedroom, Knight placed her in a headlock. Janice struggled to break free, but before she was able to, Knight managed to slam her against the bedroom wall several times.

When Janice escaped from Knight's grasp, she ran into the living room and called 911. Alaina brought M.K. to the living room and waited with Janice until the police

_____

[1] Ind. Code § 35-42-2-1.

arrived. Knight remained in the bedroom. The police arrived approximately 15 minutes later and spoke to all three adults.

On April 2, 2012, Knight was charged with class A misdemeanor battery. A bench trial was held on April 25, 2014. Both Janice and Alaina testified. While cross-examining Janice, Knight attempted to elicit prior testimony that she had given at a hearing regarding Knight's visitation with M.K. The State objected and the trial court sustained the objection. The trial proceeded and Knight was found guilty as charged. Knight was sentenced to a term of 365 days, all of which was suspended to probation. He now appeals.

## DISCUSSION AND DECISION

Knight first argues that the evidence presented against him was insufficient because Janice's testimony was incredibly dubious. In reviewing a challenge to the sufficiency of the evidence, this Court neither reweighs the evidence nor assesses the credibility of the witnesses. Kilpatrick v. State, 746 N.E.2d 52, 60 (Ind. 2001). However, under the "incredible dubiosity rule," this Court may intrude upon the trier of fact's responsibility to judge witness credibility "when confronted with inherently improbable testimony or coerced, equivocal, wholly uncorroborated testimony of incredible dubiosity." Id. at 60-61. "Application of this rule is limited to cases . . . where a sole witness presents inherently contradictory testimony which is equivocal or the result of coercion and there is a complete lack of circumstantial evidence of the appellant's guilt." Id. at 61.

3

A review of the testimony shows that this is hardly a case where application of the incredible dubiosity rule is appropriate. Here, we have two witnesses, Janice and Alaina, telling an identical story. The story goes, in relevant part: (1) Alaina went into Knight's bedroom; (2) Knight kicked Alaina; (3) Janice ran towards the bedroom; (4) Knight slammed the door in her face; (5) Knight put Janice in a headlock; and (6) Knight slammed Janice against the wall several times. Tr. p. 9-11, 44-45. The testimony is neither inherently improbable nor equivocal, and each corroborates the other. Put differently, Janice's testimony fails to display even conventional dubiosity, let alone the incredible variety.

Knight argues that, aside from the testimony, there is no evidence of bodily injury, as is required to show class A misdemeanor battery. I.C. 35-42-2-1(c). Knight asserts that there was "no sign that Janice's body sustained trauma of any kind" and that "one would expect bruising, swelling, bleeding of the nose, swelling of the eyes, or some external or visible sign of trauma." Appellant's Br. p. 13. This may be true. But the fact that, in Knight's opinion, other evidence in the record may contradict the testimony, does not automatically render that testimony incredibly dubious. And, unless the testimony is incredibly dubious, we leave it to the trier of fact to weigh that testimony against other evidence. Kilpatrick, 746 N.E.2d at 60-61. In this case, Janice and Alaina's testimony was sufficient to sustain Knight's conviction. See Griffith v. State, 898 N.E.2d 412, 418-19 (Ind. Ct. App. 2008) (holding testimony sufficient to support conviction for class A misdemeanor battery).

Knight next argues that the trial court erred in excluding testimony he sought to elicit from Janice. The decision to admit or exclude evidence rests within the sound discretion of the trial court and we will reverse only for an abuse of discretion. Bradford v. State, 960 N.E.2d 871, 873 (Ind. Ct. App. 2012). Even if the trial court erred in its evidentiary ruling, we will not reverse unless the error prejudiced the defendant's substantial rights. Ind. Trial Rule 61.

At trial, counsel for Knight cross-examined Janice and attempted to elicit prior testimony she had given at a hearing regarding Knight's visitation with M.K. Appellant's Br. p. 16. The State objected, arguing that the prior testimony was irrelevant and the trial court sustained the objection.

Indiana Evidence Rule 103 provides that a party may claim error if the trial court excludes evidence and "a party informs the court of its substance by an offer of proof, unless the substance was apparent from the context." Knight made no offer of proof, but he argues that the substance of the testimony he sought to elicit was apparent from the context, and thus, no offer of proof was necessary. Reply Br. p. 6-7. Knight argues that his "theory of the case was that Janice did not sustain any 'bodily injury' and that both Janice and Alaina had ulterior motive[s] to testify." Appellant's Br. p. 18. He further argues that "[t]he fact that there were multiple custody proceedings and that both Janice and Alaina were adversaries to Knight in those proceedings seeking to limit Knight's ability to see his child unsupervised is relevant and establishes a motive for their testimony." Id.

5

Assuming solely for the sake of argument that the testimony Knight sought to elicit was relevant, we do not see how he was prejudiced as a result of the trial court's decision to exclude it. First, as to Alaina, Knight was allowed to question her about the prior hearing with no objection. Appellant's Br. p. 16 n. 3. Second, as to Janice, for the purposes of Knight's motive theory, all he needed to show was that Janice opposed him in the visitation hearing. A review of the testimony shows that Knight was able to do this. At trial, counsel for Knight questioned Janice as follows:

> Q:    You testified in a hearing in Vanderburgh Superior Court, when he [Knight] asked the Court for unsupervised visitation, do you remember that?
> A:    Yes.
> Q:    And uh, you told the same version of events then to that Judge that uh, you told Judge Biesterveld, correct?
> A:    To my recollection, yes.
> Q:    Because you didn't want him to get unsupervised visitation with his child?

Appellant's Br. p. 16. Following this, the State objected on relevancy grounds. However, the testimony preceding the objection was sufficient to show that Janice took part in the hearing. Furthermore, because Janice testified that she told the same story in that hearing—that Knight had battered her in the presence of her daughter and granddaughter—it was certainly clear to the trier of fact that Janice opposed Knight's unsupervised visitation with M.K.

Therefore, Knight was able to show that Janice took part in a hearing where she opposed Knight's unsupervised visitation with M.K. As Knight does not argue that there

was anything more he wished to elicit from Janice, we find that he was not prejudiced as a result of the exclusion of her testimony.

The judgment of the trial court is affirmed.

VAIDIK, C.J., and RILEY, J., concur.